UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-81042-CIV-MARRA/JOHNSON

CLEARWATER CONSULTING
CONCEPTS, LLP,

    Plaintiff,

v.

IMPERIAL PREMIUM FINANCE,
LLC,

    Defendant.
_____/

### ORDER AND OPINION DENYING MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE is before the Court upon Defendant's Motion For More Definite Statement [DE 7]. The motion is fully briefed and ripe for review. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff Clearwater Consulting Concepts, LLP ("Clearwater") filed a complaint against defendant Imperial Premium Finance, LLP ("Imperial") alleging breach of contract in connection with a written agreement which is attached to the complaint. In its complaint, Clearwater alleges that Imperial has failed to pay an agreed upon referral fee for referrals or introductions provided by Clearwater under the terms of the parties' agreement.

In response to the complaint, Imperial filed the instant motion for a more definite statement asserting that the allegations of the complaint are too vague and ambiguous to allow Imperial to formulate a response. In particular, Imperial argues

that the complaint does not sufficiently identify the specific referrals Clearwater purportedly gave to Imperial, the insurers who paid any premiums to Imperial, the dates that any premiums were paid to Imperial, and the amount of premiums, a percentage of which Clearwater is claiming to be owed.  Imperial asserts that the lack of these details causes two legally prohibitive hurdles.  One, without more specificity, Imperial is unable to properly respond to the complaint.  Two, the amount of premiums purportedly owed is necessary to determine whether the amount in controversy really satisfies the subject matter jurisdictional threshold.

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).  If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks & Wildlife Dep't,* 644 F.2d 1056, 1059 (5th Cir. 1981).[1]  Federal courts generally disfavor such motions.  *See Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993).  The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.  *Id*.

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2).  As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." *Dennis v. Begley Drug Co. of Tennessee, Inc.*, 53 F.R.D. 608, 609 (E.D. Tenn. 1971).  However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

Under Florida law, a plaintiff must plead the following elements to state a claim for breach of contract: (1) the existence of a valid agreement; (2) a material breach thereof; and (3) damages flowing from the breach.  *See Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp.*, 941 So. 2d 396, 398 (Fla. Dist. Ct. App. 2006); *Maguire v. Southern Homes of Palm Beach*, 591 F. Supp. 2d 1263, 1270 (S.D. Fla. 2008).  Here the allegations pled by Clearwater contain sufficient information to apprise Imperial of Clearwater's breach of contract claim.  In particular, Clearwater has alleged that: (1) Clearwater and Imperial entered into a written agreement (a copy of the agreement is

attached to the complaint) (Compl. ¶ 8); (2) Clearwater performed its obligations under the agreement by providing referral sources to Imperial (Compl. ¶ 10); and (3) Imperial breached the agreement by not paying the fees owed to it, thereby causing damage to Imperial (Compl. ¶ 11).  This is all that is required pursuant to Fed.R.Civ.P. 8(a) and a more definite statement is not warranted.

The discovery process will afford defendant the opportunity to explore the factual basis of plaintiff's claims and to narrow issues regarding the specific referrals at issue and the dollar amount of damages.  *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).  Defendant does not argue that the amount in controversy is not satisfied, only that it cannot be determined without more information. This is an insufficient reason to require a more definite statement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion For More Definite Statement **[DE 7] is DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record